# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| In re: TRANSPERFECT GLOBAL, INC. | ) ) ) ) | C.A. No. 9700-CM |
| ELIZABETH ELTING, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. 10449-CM |
| PHILIP R. SHAWE and SHIRLEY SHAWE, | ) ) ) | |
| Respondents, | ) ) | |
| and | ) ) | |
| TRANSPERFECT GLOBAL, INC., | ) ) | |
| Nominal Party. | ) | |

## ORDER DENYING APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

1. TransPerfect Global, Inc. ("TransPerfect") has applied (the "Application") for certification of interlocutory appeal of this court's November 1, 2023 letter decision (the "Decision").[1]

---

[1] C.A. No. 9700-CM, Docket ("Dkt.") 1810, Application for Certification of Interlocutory Appeal ("App.") from *In re TransPerfect Global, Inc.*, 2023 WL 7182135 (Del. Ch. Aug. 1, 2023) (Nov. 1, 2023 decision); *see also* Dkt. 1816, Former Custodian's Response. Civil Action Numbers 9700-CM and 10449-CM have been litigated in a coordinated fashion since their inception. Docket entries cited in this decision refer to C.A. No. 9700-CM.

2. The Decision overruled TransPerfect's objections to former custodian Robert Pincus's fee petitions for legal expenses incurred from April 2023 through June 2023.[2]

3. Supreme Court Rule 42 governs applications for interlocutory appeals, requiring that they be filed within "10 days of the entry of the order from which the appeal is sought" and establishing a two-step test for determining whether to certify interlocutory appeal.[3] Rule 42 cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[4] This language from Rule 42 serves as an interpretive principle, requiring that the court interpret the factors such that interlocutory appeals are the exception and not the routine.[5]

4. Under the two-part test established by Rule 42, the court must first determine whether "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[6] If the substantial-issue requirement is met, the court will then analyze eight factors concerning

---

[2] *In re TransPerfect Global, Inc.*, 2023 WL 7182135, at *1.

[3] Supr. Ct. R. 42(c)(i).

[4] Supr. Ct. R. 42(b)(ii).

[5] *See also* Supr. Ct. R. 42(b) (stating that "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal"); 2 Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[c] (2d ed. 2022).

[6] Supr. Ct. R. 42(b)(i).

whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[7]

5. This court assumes for the sake of argument that the Decision resolved a substantial issue of material importance because it affected the primary matter remaining in this litigation.[8] The Rule 42 analysis next turns to whether there are benefits outweighing the costs of an interlocutory appeal.[9]

6. Rule 42 supplies eight factors to consider when conducting this balancing analysis. Of those eight factors, TransPerfect relies on the following four:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (H) Review of the interlocutory order may serve considerations of justice.[10]

7. None of these four factors provide support for certifying interlocutory appeal.

---

[7] Supr. Ct. R. 42(b)(ii); *see* Supr. Ct. R. 42(b)(iii)(A)–(H).

[8] Appl. ¶ 19.

[9] *See* Supr. Ct. R. 42(b)(ii); Supr. Ct. R. 42(b)(iii)(A)–(H).

[10] Supr. Ct. R. 42(b)(iii). TransPerfect states the other four factors are neutral. Appl. ¶ 21.

3

8.	Under Factor A (novel question of law), TransPerfect argues the Decision "denies TPG due process and the right to appeal, which, under these circumstances, represents a question of law not previously resolved[.]"[11]  It is unclear what TransPerfect believes is novel.  In any event, the court did not resolve a novel question of law—TransPerfect still possesses all appellate rights to which it was previously entitled.  This factor does not weigh in TransPerfect's favor.

9.	Under Factor B (conflicting decisions), TransPerfect argues the Decision conflicts with comments the court made during the March 2, 2021 oral argument.[12]

10.	In the Decision, the court stated:

> It is true, as the court previously observed during the March 2, 2021 oral argument, that it would be atypical to charge a client for the generation of an invoice.  But fees-on-fees, which are fees incurred in the process of enforcing one's right to advancement, are acceptable.  Here, the Former Custodian is not seeking advancement for Troutman Pepper's preparing billing statements, running the bills, or preparing charts.  Rather, he is seeking fees-on-fees incurred to respond to TransPerfect's objections.[13]

11.	TransPerfect appears to argue that because counsel must attest to the propriety of any bill submitted by the Former Custodian's counsel, and because counsel did not supply that attestation here, the Decision violated the court's observations during the March 2, 2021 oral argument.[14]

---

[11] App. ¶ 21.

[12] *Id.*

[13] *In re TransPerfect Global, Inc.*, 2023 WL 7182135, at *2 (cleaned up).

[14] App. ¶ 30 ("The Court, during a March 2, 2021 hearing, addressed the propriety of seeking to recover fees for preparing fee petitions from TPG.  Specifically, the Court clarified that it would not even consider awarding such fees unless Pincus's counsel

4

12.    There is no conflict between the Decision and the court's observations during the March 2, 2021 oral argument.  Instead, it appears TransPerfect is challenging the Decision's finding that the Former Custodian was not seeking advancement for his counsel's "preparing billing statements, running the bills, [or] preparing charts."[15] TransPerfect's belief that the court should have found differently does not give rise to a conflict relevant under Factor B.  This factor does not weigh in TransPerfect's favor.

13.    Under Factor C (constitutionality, construction, or application of a statute of this State), TransPerfect argues in conclusory terms that the court decided the constitutionality, construction, or application of a Delaware statute, but it does not explain how or where the Decision did that.  This factor does not weigh in TransPerfect's favor.

14.    Under Factor H (considerations of justice), TransPerfect makes two arguments.  First, TransPerfect argues appellate review is necessary "because it, like the Court's earlier decisions, denies TPG due process, by rendering its current objections (and all future objections) meaningless . . . by creating a system that prohibits appellate review of the Court's findings."[16] TransPerfect adds that the court

---

attested to the propriety of billing 'a client for the administrative work of sending a bill, which is akin to filing a petition' and that such fees 'would be billed to a client ordinarily.'" (quoting Dkt. 1595 at 139:5–8, 140:1–4)).

[15] *In re TransPerfect*, 2023 WL 7182135, at *2 (alteration in original) (quoting Dkt. 1595 at 138–39).

[16] Appl. ¶ 22.

5

"create[d] an unconstitutional condition that strips TPG of its appellate rights."[17] As the court stated above, TransPerfect still possesses all appellate rights to which it was previously entitled.

15. Second, TransPerfect asserts "[b]y overruling TPG's April-June 2023 fee objections solely based on . . . its prior decisions rejecting similar objections to different fees, the Court, in the November 2023 Order, deemed TPG's objections to be of no legal force, i.e., void."[18] This is a strange gripe. It is unclear why the court would not be permitted to rely on a prior ruling of the court in the same case. But in any event, when ruling on the Decision, the court reviewed the fees and objections, found the fees to be reasonable, and found TransPerfect's objections to be without merit.[19] This factor does not weigh in TransPerfect's favor.

16. Balancing the Rule 42(b) factors, the court finds the factors weigh against granting certification. Nothing advanced by TransPerfect suggests the type of exceptional circumstance warranting interlocutory review.[20]

17. For the foregoing reasons, TransPerfect's Application for Certification of Interlocutory Appeal is denied.

/s/ Kathaleen St. J. McCormick
Chancellor
Dated: November 30, 2023

---

[17] *Id.* ¶ 26.

[18] *Id.* ¶ 24 (internal citation omitted).

[19] *In re TransPerfect Global, Inc.*, 2023 WL 7182135, at *3–4.

[20] Supr. Ct. R. 42 (b)(ii); *see also Vick v. Khan*, 204 A.3d 1266, 2019 WL 856599, at *1 (Del. Feb. 21, 2019) (TABLE) (observing that applications for interlocutory review are granted only in "exceptional circumstances").